UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL HALL, JR., | 1:22-cv-05299-NLH |
| Petitioner, | **OPINION** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**APPEARANCES**:

MICHAEL HALL, JR.
71595-050
USP Lee - U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263

　　*Petitioner pro se*

ALISA SHVER, AUSA
OFFICE OF THE US ATTORNEY
US POST OFFICE BUILDING
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

　　*Counsel on behalf of Respondent*

**HILLMAN, District Judge**

　　Pending before the Court is Petitioner Michael Hall, Jr.'s ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct his judgment of conviction imposed on February 4, 2022. (ECF No. 1.)  For the reasons stated below, Petitioner's Motion will be denied and no certificate of appealability shall issue.

1

**BACKGROUND**

On May 10, 2018, Petitioner pled guilty before the Honorable Jerome B. Simandle, U.S.D.J., to a 9-count information charging him with 8 counts of Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2, and one count of brandishing a firearm in furtherance of one of the charged Hobbs Act robberies, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).  United States v. Hall, Dkt. No. 18-cr-284 (NLH).  (ECF No. 7.).  The charges arose after Petitioner robbed eight different GameStop retail stores throughout the District of New Jersey and the Eastern District of Pennsylvania Between November 6, 2017 and December 19, 2017.  In the robbery that took place on November 27, 2017, Hall brandished a firearm.

Petitioner's crime spree did not end with multiple robberies, however.  Prior to sentencing, Petitioner sent multiple forged letters purporting to be from another individual claiming responsibility for his crimes.  The Court adjourned sentencing pending an investigation.  After the investigation revealed that Petitioner had penned the letters himself, he pled guilty before the undersigned to a separate charge of witness tampering in violation of Title 18, United States Code, Section

1512(c)(2).  United States v. Hall, Dkt. No. 21-cr-551 (NLH).
(ECF No. 1, 5.)

On February 4, 2022, this Court sentenced Defendant to eight 192-month terms of imprisonment, concurrent to each other, on each of the eight Hobbs Act robbery counts in 18-cr-284 and one term of 37 months in 21-cr-551 to also run concurrent to the 192 month terms in 18-cr-284.  As provided by statute, the Defendant also received a consecutive sentence of 84 months for brandishing a firearm during one of the robberies resulting in a total aggregate term of 276 months.  United States v. Hall, Dkt. No. 18-cr-284 (NLH) (ECF No. 46, 47.)

The Petitioner did not appeal his sentence but filed this 2255 petition on August 30, 2022, well within the one year statute of limitations for such motions.  On September 2, 2022, this Court provided Petitioner notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and the government filed its answer thereafter on February 6, 2023.

Petitioner's 2255 motion asserts two claims.  ECF No. 1 (hereinafter "Pet. at ____").  First, Petitioner claims that Hobbs Act robbery is not a crime of violence as defined by 18 U.S.C. § 924(c) and therefore his conviction for violating that statute based on a Hobbs Act predicate offense should be vacated.  Second, he argues that his counsel was ineffective for not objecting to what Hall characterizes as a "sentencing

3

enhancement" in Hall's Presentence Investigation Report ("PSR"). Pet. at 15. Hall claims that his "sentence [was] enhanced based on his prior New Jersey robberies," pursuant to U.S.S.G. § 4A1.1(a), causing Hall to receive a longer sentence than "he was supposed to receive under the guidelines." Pet. at 18.

For the reasons set forth below, the § 2255 motion will be denied without an evidentiary hearing and the Court will decline to issue a certificate of appealability.

### DISCUSSION

Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner's first claim is easily resolved against him. Petitioner asserts that Hobbs Act robbery is not a crime of violence as defined by the elements clause of Title 18, United States Code, Section 924(c)(3)(A) and therefore his § 924(c)(1)(A)(ii) conviction for brandishing a firearm during one of the robberies must be vacated.

The United States Supreme Court has not expressly addressed whether a completed Hobbs Act robbery satisfies the elements clause of § 924(c)(3)(A) although it recently held that

4

attempted Hobbs Act robbery does not. United States v. Taylor, 142 S. Ct. 2015 (2022). As Petitioner correctly points out, Taylor also stands for the proposition that whether a completed Hobbs Act robbery does qualify requires application of the so-called "categorical approach" of statutory construction. Under the categorical approach, a court looks not to how a defendant actually committed a crime but rather to the elements of the crime to determine whether the government must prove in every case under any given statute proffered as § 924 predicate "the use, attempted use, or threatened use of force." Id. at 2020.

Here, Petitioner argues that although certain panels of the Third Circuit had held that a completed Hobbs Act robbery was a valid § 924(c)(3)(A) predicate, see e.g., United States v. Monroe, 837 F. App'x 898 (3d Cir. 2021), no precedential opinion from that Court reached that conclusion after clearly applying the categorical approach mandated by Taylor.

However, since Petitioner filed his motion, that argument no longer has force. On March 10, 2023, our Court of Appeals unequivocally held in a precedential opinion expressly applying a categorical analysis that a completed Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). United States v. George Stoney, 62 F.4th 108 (2023). Since Petitioner's § 924(c) conviction was tethered to the completed November 27, 2017 Hobbs Act robbery he admitted to in Count 5 of the Information, see

5

United States v. Hall, Dkt. No. 18-cr-284 (NLH) (ECF No. 3 at 10; ECF No. 44 at 15), Stoney mandates that Petitioner's argument is without merit.

Petitioner's second argument, which alleges his counsel provided ineffective assistance, is also without merit. Petitioner's second ground for relief is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To meet the Strickland standard, Petitioner must first "show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. He must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Here, Petitioner cannot meet the first of the Strickland prongs.

Petitioner's argument centers on three robbery convictions in New Jersey Superior Court each of which scored three criminal history points when U.S. Probation calculated his Criminal History Category for purposes of determining Petitioner's advisory guideline range. See United States v. Hall, Dkt. No. 18-cr-284 (NLH) (ECF 44, para. 156, 157 and 160). Petitioner claims that his counsel was ineffective because he failed to contest these - in his words - "enhancements" which in turn resulted in an increase in his sentence. His arguments that

6

these convictions should not have been considered by the Court centers, as does his first claim, on an assertion that these state convictions should not be considered "crimes of violence" under federal law because of the breadth of conduct criminalized by New Jersey's robbery statute. Pet. at 17.

However, Petitioner completely misapprehends the purpose for which those three convictions were considered by U.S. Probation and hence the Court at sentencing. In every sentencing, the Court must accurately calculate the Defendant's advisory guideline range. This requires a determination of two numerical scores which are in turn plugged into the Guidelines Sentencing Table or grid to determine a range of months: a total adjusted offense level and a criminal history category. The Criminal History Category is a function of the number of criminal history "points" one has after applying the formula found in United States Sentencing Guideline § 4A1.1.

Under § 4A1.1(a), 3 points are added "for each prior sentence of imprisonment exceeding one year and one month." Id. Since each of the robbery convictions noted in paragraphs 156, 157 and 160 of the Final Presentence Report met the § 4A1.1(a) criteria, they each scored 3 points and together constituted 9 of Petitioner's final score of 27 points, a number that placed him well past the minimum number of points required for the

7

highest criminal history category VI.[1]

But what Petitioner fails to comprehend is that it did not matter for purposes of computing his criminal history score whether those convictions were for robbery – an uncontested fact – or for some other crime, for example drug trafficking or a firearms offense.  What mattered for purposes of Chapter 4 of the Guidelines was simply the length of sentence and when the sentence ended, not the crime committed.  Thus, Petitioner's argument that those state robbery convictions would not be considered crimes of violence under the Armed Career Criminal Act is irrelevant because they were not considered as such.  Nor were they used as a predicate offense for his § 924(c) conviction, that offense being the completed Hobbs Act robbery found in Count 5 of the Information.

As the three convictions found in paragraphs 156, 157 and 160 of the PSR were merely used to calculate Petitioner's criminal history score, and properly so, there was no basis for his counsel to challenge them.  A lawyer who does not raise a frivolous claim or defense does not fall below Strickland's

---

[1] Even if the nine points were excluded (assuming there was a legal basis to do so and there is none) Petitioner would still have scored at 18 criminal history points, well above the 13 required for Category VI.  Thus, Petitioner would also fail on the second prong of Strickland because he could not prove actual prejudice.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

8

"objective standard of reasonableness." See <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."). Petitioner's second claim for relief must therefore also be denied as counsel was simply not ineffective.

Having failed on each of his two claims, the Court will deny Petitioner's Motion to Vacate, Set Aside, or Correct his judgment of conviction.[2]

## Certificate of Appealability

The Court must assess whether a certificate of appealability should issue.  A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must

---

[2] Section 2255 provides that in an action to vacate or correct the sentence, the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and file and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Because there are no material factual issues in dispute and Petitioner's claims clearly lack legal merit, no hearing is required.

9

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Based on the Court's holding that Petitioner's § 924(c) conviction was proper under binding Third Circuit precedent and that his counsel was not ineffective as a matter of law for failing to raise frivolous arguments, reasonable jurists would not find it debatable as to whether this Court's assessment of Petitioner's constitutional claims are incorrect. Consequently, the Court will not issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, the Court will deny Petitioner's Motion to Vacate, Set Aside, or Correct his judgment of conviction imposed on February 4, 2022 (ECF 1) and will not issue a certificate of appealability.

An appropriate Order will be entered.


Date: April 24, 2023                   s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.